MOGADORE (VILLAGE), PLAINTIFF-APPELLEE, *v.* COE ET, DEFENDANTS-APPELLANTS.

Common Pleas Court, Summit County.

No. 241543.

450

*Mr. Karl S. Hay*, city solicitor, and *Mr. Norman S. Carr*, for the Village of Mogadore.

*Mr. Sheldon P. Weitzman*, for defendants, James Coe and James Bissett.

LOMBARDI, J.   The defendants in the Mayor's Court below are the appellants and in this Opinion will be referred to as defendants, and the City of Mogadore, being the appellee, will be referred to as the plaintiff herein.

The defendants were found guilty of violating Ordinance Number 17-1962 of the Village of Mogadore on August 27, 1963, and fined the sum of $5.00 and costs each.

The defendants are appealing said conviction and set forth seven assignments of error, which are as follows:

1. Said court erred in overruling the motion for dismissal presented on behalf of the defendants in said trial.

2. The court erred in failing to find said ordinance, No. 17-1962, was unconstitutional and void in that it is in direct violation of the Commerce Clause of the United States Constitution in that it creates a burden on interstate commerce and in that it is in direct violation of the Freedom of Press as it is guaranteed in said United States Constitution.

3. The court erred in failing to find said ordinance unconstitutional and void as being in conflict with and in violation of the Ohio Constitution, Article XVIII, Section 3.

4. The court erred in not finding the defendants exempt from the municipal licensing ordinance. Ordinance No. 17-1962 by virtue of Sections 715.63 and 715.64, Revised Code.

5. The court erred in not finding the Ordinance to be in-

valid by reason of the indefiniteness, uncertainty and ambiguous wording.

6. The court erred in finding the defendants guilty whereas it should have found the defendants not guilty.

7. The court erred in overruling the defendant's motion for a new trial.

It is the court's opinion that the real basis of the appeal in this case is founded on assignments of error on behalf of the defendants as set forth in Specifications 2, 3 and 4, and the court will consider said specifications in that order.

Defendants claim that the ordinance in question was unconstitutional and void in that it violated the Commerce Clause of the United States Constitution and is a burden on interstate commerce and in violation of the freedom of press under the United States Constitution.

The ordinance in question is as follows:

"WHEREAS, residents of the Village of Mogadore are frequently inconvenienced with being called from their duties by persons soliciting orders for or selling goods, wares, merchandise or services, thereby requiring substantial time to ascertain the purpose of such intrusion, engage in controversy whether such resident should order, purchase or use such unwanted goods, wares, merchandise or services, and more time to get rid of such intruder, and

"Whereas, such unwanted call at the door, by day or by night, by such persons who frequently are discourteous or undesirable and, whether so or not, such act constitutes an invasion to the privacy and quiet of such residents, and

"Whereas, female or minor residents alone in the home may be subject to many contingencies by permitting such unidentified persons into the home,

"NOW, THEREFORE, BE IT ORDAINED BY THE COUNCIL OF THE VILLAGE OF MOGADORE, PORTAGE AND SUMMIT COUNTIES, OHIO:

"*Section 1*:   Whoever enters upon the premises of any residence in the Village of Mogadore for the purpose of soliciting orders for, or selling goods, wares, merchandise, or services of any kind or character, unless such person shall have first obtained an identification card as hereinafter provided, shall be guilty of a misdemeanor and, upon conviction, shall

be fined not more than Fifty Dollars ($50.00) for each such offense.

*"Section 2:*

"A. Whoever desires the issuance of an identification card required by Section 1 hereof, shall file with the Clerk of the Village, a written application on a form to be provided, correctly containing the following information.

"1. Full name of applicant.

"2. Address.

"3. Birthdate, height, weight, color of eyes and hair.

"4. If applicant uses motor vehicle; the make, model, year and current registration number thereof.

"5. State of issuance of driver's license and number thereof.

"6. Name and address of employer.

"7. Brief description of goods, wares, merchandise or services involved.

"8. Whether applicant has ever been convicted of any crime, and, if so, the nature thereof and penalties therefor.

"B. Concurrent therewith, applicant shall pay a fee of Five Dollars ($5.00) to compensate for the costs incident to the issuance thereof.

"C. Upon compliance with the foregoing such identification card shall forthwith be issued to applicant which shall be valid for a period of one (1) year from the date of issuance.

*"Section 3."*

"A. Should any subsequent investigation disclose that applicant has falsified any information required in his application which was the basis upon which such identification card was so issued the Clerk of the Village shall forthwith revoke such identification card and notify the holder thereof, either in person or by certified mail of such action so taken.

"B. Any person whose identification card is so revoked may, within ten (10) days after receipt of revocation notice, appeal to Council by filing with the Clerk of Council a signed written statement briefly setting forth his ground of appeal; give appellant due notice thereof by certified mail; appellant may appear before Council in person or by attorney; decision of Council thereof shall be final.

"Section 4: This ordinance was passed pursuant to Sec-

tions 731.17 and 731.30, Revised Code, and is declared to be an emergency ordinance necessary for the immediate preservation of the public peace and safety and for the further reason that regulation of persons for the purposes herein provided is urgently required to promote the public safety, convenience and general welfare wherefore this Ordinance shall take effect upon its adoption and approval by the Mayor.''

By reading the ordinance it becomes manifest that it does not discriminate against interstate business and does not so burden or impede interstate commerce as to violate the Commerce Clause of the Federal Constitution and, therefore, is a valid local regulation of house-to-house solicitation of subscriptions.

The ordinance does not abridge the freedom of speech and press as guaranteed by the First and Fourteenth Amendments of the Constitution of the United States, because the ordinance is reasonable and does not place an undue burden upon methods of distribution and circulation of magazines and periodicals. The ordinance in question does not prohibit solicitation of subscriptions, but simply requires that every solicitor or house-to-house canvasser be registered so that the community and the public officials may know just who is soliciting and for what organization. The ordinance does not attempt to regulate or prescribe what periodicals may or may not be sold or published, and the selling of them by solicitation of subscriptions is no more than a commercial transaction.

As stated in the case of *Breard* v. *Alexandria,* reported in 341 U. S., 642:

''The First and Fourteenth Amendments have never been treated as absolutes. Freedom of speech or press does not mean that one can talk or distribute where, which and how one chooses. Rights other than those of the advocates are involved. By adjustment of rights we can have both full liberty of expression and orderly life.''

After all, door-to-door solicitation is not the only means available to the defendants or the company for which they work to obtain subscriptions for their encyclopedia. There are still available to them other methods of solicitation, such as local newspapers, periodicals, radio, television, mail and local agencies.

The third specification of error is that the ordinance is unconstitutional and void as being in conflict with and in violation of Ohio Constitution, Article XVIII, Section 3, which provides substantially as follows:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce with their limits such local police, sanitary and other similar regulations *as are not in conflict with the general law.*" (Emphasis added.)

In conjunction with specification 3, the court will also consider specification 4 of the assignments of error, whereby the defendants claim to be exempt from the ordinance by virtue of Sections 715.63 and 715.64, Revised Code. Those statutes are as follows:

"*Section 715.63, Revised Code*:

"Any municipal corporation may license exhibitors of shows or performances of any kind, hawkers, peddlers, auctioneers of horses and other animals on the highways or public grounds of the municipal corporation, vendors of gunpowder and other explosives, taverns, houses of public entertainment, and hucksters in the public streets or markets. The municipal corporation may, in granting such license, charge such fee as is reasonable. *No municipal corporation may require of the owner of any product of his own raising or the manufacturer of any article manufactured by him, a license to vend or sell, by himself or his agent,* any such article or product. The legislative authority of such municipal corporation may delegate to the mayor of the municipal corporation the authority to grant, issue and revoke licenses." (Emphasis added.)

"*Section 715.64, Revised Code*:

"Any municipal corporation may license transient dealers, persons who temporarily open stores or places for the sale of goods, wares or merchandise, and each person who, on the streets or traveling from place to place about such municipal corporation, sells, bargains to sell, or solicits orders for goods, wares or merchandise by retail. Such license shall be granted as provided by Section 715.63, Revised Code. *This section does not apply to persons selling by sample only, nor to any agricultural articles or products offered or exposed for sale by the producer.*" (Emphasis added.)

In their brief the defendants claim that the ordinance in question is in fact a licensing statute and therefore invalid.

Bouvier's Law Dictionary defines "license" as follows:

"When the power is exercised by municipal corporations, a license is the requirement by the municipality of the payment of certain sum by a person for the privilege of pursuing his profession or calling whether harmful or innocent for the general purpose of producing a reliable source of income - - -."

And in 57 Ohio Jurisprudence (2d), we find:

"A license is a permission granted by some competent authority to do some act which without such permission would be illegal."

And also:

"A license is in the nature of a special privilege and not a right common to all and is often required as a condition precedent to the right to carry on business or to hold certain classes of property."

Under the ordinance in question the registration fee is five dollars to compensate the Village for the cost of issuing the identification card, and the court cannot find this to be unreasonable.

So this leaves for the court to determine whether or not the requirement of registration is actually a license or license tax, or is a police regulation for the welfare of the municipality.

Inasmuch as the ordinance is mandatory and requiring the Clerk to issue said identification card to all persons upon registration and payment of the fee as required by the ordinance; and there being no discretionary power in the issuing authority to deny said identification card or to delay or harass the applicant by withholding the issuance thereof, this court is of the opinion that the ordinance is not a licensing statute but a police regulation applicable to all persons, whether residents of the municipality in question or otherwise, to identify themselves so that the police authorities and the community at large may know just what soliciting is being carried on in the Village and the identity of the persons carrying on the solicitation.

The people residing in the Village of Mogadore have selected the members of the Council to represent them, and upon them falls the duty of protecting its citizens by police regula-

tions that are fair and reasonable and applicable to all solicitors, so that a person might live in his household free from fear of unknown persons coming to or upon their premises at all hours of the day or night to solicit and without the occupant having any knowledge whatsoever as to the identity of that person.

It may be true that the mere fact of a solicitor being required to register and carry a registration card might not prevent a pervert or felon from acquiring an identification card, but it might deter such a person from offensive conduct simply because he had to make an appearance and make himself known to the issuing officer, even though he might give a fictitious name. The ordinance is not so perfect that it will prevent all offensive conduct by solicitors, canvassers and hucksters, but it appears to this court to be a minimal effort by Council to have some check on persons engaged in this particular phase of business solicitation.

We do not mean to generally condemn salesmen who earn their livelihood by door-to-door solicitation of subscriptions to periodicals, and we assume that they are good and honorable men and women, and we cannot conceive of any reason for their objecting to registering and obtaining an identification card. This without any undue red tape or delay.

On the other hand, persons of unsavory character who might use the role of solicitor to further some ulterior purpose or obnoxious conduct just might be deterred therefrom because he had to show himself at the town hall to the issuing clerk in order to obtain an identification card.

For these reasons the court is of the opinion that the ordinance is not in conflict with the State law as claimed by the defendants.

The court does not find any error prejudicial to the defendant in the remaining assignments of error claimed by the defendants. The appeal will be dismissed and judgment of the Mayor's Court will be affirmed at defendants' costs.

Exceptions to the defendants.

Plaintiff will prepare proper journal entry.